## Lazzari *v.* Pennsylvania Railroad Company, Appellant.

*Evidence—Carriers—Charge—Complicating testimony.*

The appellate court will not reverse a judgment where the crucial question in dispute in the court below was whether or not a notice had been given to a carrier not to deliver goods, and this question with the conflicting testimony relating thereto was fully and fairly submitted to the jury.

Argued April 18, 1905. Appeal, No. 195, April T., 1905, by defendant, from judgment of C. P. Washington Co., Aug. T., 1904, No. 93, on verdict for plaintiff in case of L. Lazzari v. Pennsylvania Railroad Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from judgment of a justice of the peace. Before MCILVAINE, P. J.

The opinion of the Superior Court states the case.

176     LAZZARI *v.* PENNA. R. R. CO., Appellant.

Assignment of Errors—Opinion of the Court.    [28 Pa. Superior Ct.

*Error assigned* was portion of opinion quoted in the opinion of the Superior Court, and in refusing binding instructions for defendant.

*A. M. Todd,* of *Todd & Wiley,* for appellant.

*C. E. Gibson,* of *McIlvaine, Vance & Gibson,* for appellee.

OPINION BY BEAVER, J., May 17, 1905:

Plaintiff shipped a bill of goods from Monongahela City, consigned to himself at McKeesport over the defendant's railroad. The bill of lading contained the words " Notify Maria Tortorici." He at the same time drew, with bill of lading attached, upon Tortorici who paid the draft when presented and handed the bill of lading to defendant's agent at McKeesport. In a few days, the goods not having arrived and Tortorici becoming impatient of the delay, he went to defendant's agent at the place of delivery and secured the bill of lading, with the defendant's office stamp thereon, and went to Monongahela City and there made an arrangement with plaintiff to ship him similar goods via another railroad, and delivered up the bill of lading to plaintiff, who accepted it as payment for the second shipment. So far the facts in the case are practically undisputed.

The plaintiff alleges that, before shipping the second consignment of goods to Tortorici, he gave notice to defendant's agent at Monongahela City to return the goods consigned to himself at McKeesport and exhibited at the same time the bill of lading. As to the question of this notice there was contradictory testimony, and in view of it the court below said to the jury: " Now, if that notice was given in sufficient form to give the agent at Monongahela fair notice, and was given in time so that he could send word down to McKeesport to their agent there not to deliver the goods to the equitable owner, but that the order had been countermanded or different arrangements made, then it was the duty of the railroad company not to deliver those goods to Tortorici at McKeesport, but to send them back to the consignee who then had the bill of lading. Now whether such a notice in time was given to the agent at Monongahela City is a question of fact for you and we leave it

to you; and, if you find that that notice was given in time, that they could have sent word to McKeesport, so as to prevent Mr. Wilson from delivering the goods over down there, why then you will find for the plaintiff $46.20 and interest from April 16, 1904. On the other hand, if that notice was not given in such a way and form as to give the agent at Monongahela City fair notice of the situation, or was not given in time that they could get word down to McKeesport to Mr. Wilson, the agent there, then the plaintiff is not entitled to recover."

We can see no objection to the fact or manner of the submission of this crucial question to the jury. It was found for the plaintiff. With this fact found, the plaintiff's right of recovery was complete.

The question of the right of "stoppage in transitu" does not legitimately enter into the case. It was not raised or argued in the court below and is not applicable to the facts as developed in the trial.

This was not a case for binding instructions for defendant.

Judgment affirmed.